| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
|---|---|
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 9/17/09 |
|---|---|---|---|
| | U.S. MAGISTRATE JUDGE | TIME: | 1:30 PM |

*Stein, et al. -v- Northern Assurance Co. of America, et al.* **CV 09-1029 (TCP) (AKT)**

TYPE OF CONFERENCE:   STATUS CONFERENCE

APPEARANCES:   Plaintiffs:   Dennis P. O'Leary & Michael Giusto (non-corporate Plaintiffs)
Rudolph H. Cartier, Jr. (corporate Plaintiffs)

Defendants:   Val E. Wamser

THE FOLLOWING RULINGS WERE MADE:

1. I met with the parties today for the regularly-scheduled discovery Status Conference. There are several outstanding motions, which I discussed at length with the parties. This Order contains a summary of my rulings from today's conference, which are set forth in detail on the record. The parties are able to obtain the transcript of today's proceedings by making arrangements through my Courtroom Deputy, Edher Montero.

2. Plaintiffs move [DE 29, 30] for leave to amend the Complaint to (1) withdraw their claim for indemnification, without prejudice, and (2) add OBIG as a Defendant. As I explained to the parties, I do not have jurisdiction to decide the first component of the motion and thus will issue a Report and Recommendation to District Judge Platt on that issue. I do have jurisdiction to decide the second component of the motion. With regard to Plaintiffs' motion for leave to withdraw their indemnification claim, without prejudice, for the reasons set forth in detail on the record of today's proceedings, I am respectfully recommending to Judge Platt that the motion be granted, and I will issue a Report and Recommendation setting forth my findings. With regard to Plaintiffs' motion to add OBIG as a Defendant, after reviewing the parties' submissions and the applicable case law and hearing from the parties today, I am RESERVING decision on this issue and will render a ruling shortly.

3. After hearing from the parties at the Initial Conference, I directed that for the time being, discovery would be limited to the five categories proposed by Plaintiffs, which Defendants opposed. *See* DE 9. Following the Initial Conference, the parties submitted briefs in support of their respective positions on the appropriate scope of discovery. After reviewing the parties' submissions [DE 13, 14, 16, 17], I find that in light of the nature of Plaintiffs' claims and my recommendation that Plaintiffs be granted leave to withdraw their indemnification claim, Defendants are entitled to discovery on the issue of Plaintiffs' damages in the underlying state court action. Accordingly, by September 30, 2009 the parties are to meet and confer on the appropriate scope of discovery going forward, which will include discovery regarding Plaintiffs' damages in the underlying case. If, after putting forth their best efforts, counsel cannot reach agreement on the scope of discovery, then counsel may contact my Chambers to set up a telephone conference.

4.  Plaintiffs move [DE 28] to compel the production of several of the documents listed on Defendants' privilege log on the grounds that such documents are not protected by the attorney-client privilege. Defendants oppose [DE 37] Plaintiffs' motion on several grounds, including that both attorney-client privilege and work-product protections apply to these documents. After reviewing the parties submissions, I am RESERVING decision on this motion and will render a ruling shortly.

5.  Plaintiffs move [DE 20] to quash the subpoena served by Defendants on third-party Bernard Callan, Esq. (the "Callan Subpoena"), who is an attorney in the underlying state court action, primarily on the grounds that the requested discovery falls outside the limited scope of discovery permitted here. Defendants oppose [DE 23] the motion to quash on the basis that, *inter alia*, the requested discovery falls within the permissible scope of discovery. Based upon my review of the parties' submissions and the relevant case law, as well as the arguments I heard from counsel today, for the reasons set forth in detail on the record, Plaintiffs' Motion to Quash is DENIED and the temporary stay [DE 36] of third-party Callan's obligation to comply with the subpoena is lifted. This ruling is made with the understanding that although Defendants are entitled to certain discovery from Callan's file, the parties are to abide by attorney-client privilege rules. In addition, by September 30, 2009, the parties are directed to meet and confer, in light of today's rulings, to agree to the scope of the documents that will be produced pursuant to the Callan Subpoena. If the parties cannot reach agreement on this issue and if, after production, Defendants' counsel believes there are additional documents to which he is entitled, then Defendants' counsel may submit to the Court a list of these documents and briefly state the reasons why he is so entitled. Plaintiffs' counsel will then have the opportunity to submit opposition papers.

6.  I also discussed Defendants' motion [DE 39] to compel Plaintiffs' responses to document requests and interrogatories. Although it is not yet fully briefed, I addressed this motion today because most of Plaintiffs' objections, which are based primarily on the assertion that the requested information is beyond the scope of discovery, should be resolved as a result of today's rulings. Accordingly, by September 30, 2009, the parties are directed to meet and confer on this issue to determine whether they can agree as to the documents and interrogatory responses that are required. Moreover, the deadline for Plaintiffs to oppose Defendants' motion to compel is hereby held in abeyance until after the meet and confer.

7.  The parties have agreed that the non-party deposition scheduled for September 29, 2009 shall go forward as planned. The parties have also agreed to postpone the deposition of a former OBIG employee, which was scheduled for October 9, 2009, until after counsel conduct their meet and confer as set forth in this Order and this Court renders a ruling on Plaintiffs' motion to compel the documents contained on Defendants' privilege log.

8.  Regarding the deposition subpoena which Defendants have served upon non-party Kenneth Stein III, Plaintiffs have agreed to produce Stein, who is an officer of one of the corporate Plaintiffs, as a corporate representative. The parties have agreed that Stein may be deposed as both an individual and as a corporate representative. Thus, within two weeks, by October 1,

2009, Defendants are directed to re-serve the subpoena on Stein to reflect that he will be deposed in both of these capacities.

9. Plaintiffs report that Defendants served interrogatories that were not signed in accordance with Rule 33(b)(5). Defendants have agreed to produce signed copies within two weeks, or by October 1, 2009. If Defendants do not serve signed copies of their interrogatory responses by this date, they will have waived their objections.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge