UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUDITH STEIN, as an Executor of the
ESTATE OF KENNETH F. STEIN, JR.,
GWENDOLYN ZEGEL and JUDITH STEIN
in their capacities as TRUSTEES of a
Testamentary Trust created under the Last Will
and Testament of KENNETH F. STEIN, JR.,     09-CV-1029(TCP)(AKT)
JUDITH STEIN, individually and as a
beneficiary of the Estate of KENNETH F.     **MEMORANDUM**
STEIN, JR., DAVID S.J. NEUFELD, as an     **AND ORDER**
Executor of the Estate of KENNETH F. STEIN,
JR., SAYVILLE FERRY SERVICE, INC.,
STEIN'S MARINE LIFT, INC., and KFS
CORP.,

            Plaintiffs,

       -against-

THE NORTHERN ASSURANCE COMPANY
OF AMERICA, and ONEBEACON AMERICA
INSURANCE COMPANY d/b/a INTERNATIONAL
MARINE UNDERWRITERS and JOHN DOE
and JANE DOES Nos. 1-4,

            Defendants.
----------------------------------------------------X
PLATT, District Judge.

       Before the Court is Owner Plaintiffs' Order to Show Cause requesting that defendants show cause why an Order should not be entered: (1) directing defendants to remit the sum of $126,873.97 plus interest to Owner plaintiffs forthwith; (2) directing entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of Owner plaintiffs in the sum of $126,873.97 plus interest; (3) granting sanctions and attorneys' fees to Owner plaintiffs in such amount as to be determined by the Court to be reasonable and fair given the

defendants' conduct; and (4) such other relief as this Court deems warranted.

For the following reasons, Owner plaintiffs' motion for judgment pursuant to FRCP 54(b) is hereby **GRANTED**. Owner plaintiffs' request for statutory interest is also **GRANTED**. Owner plaintiffs' request for attorney's fees for bringing their Order to Show Cause is hereby **DENIED**. Owner plaintiffs' counsel is to submit a judgment on notice as set forth herein.

## I. BACKGROUND

**Relevant Facts**

The Court assumes the parties' familiarity with the facts of this case as set forth in the Court's Memorandum and Order dated January 25, 2011("Order") and will only repeat those facts necessary to decide Owner Plaintiffs' ("Owners") order to show cause.

The non-corporate plaintiffs, captioned above, separately own five parcels of real property located on the east side of River Road in Sayville, Suffolk County, New York, and are collectively referred to herein as the "Owners." Defendants Northern Assurance Company of America ("Northern") and OneBeacon America Insurance Company ("OneBeacon") are each Massachusetts corporations authorized by the New York State Insurance Department to issue insurance policies. The Owners previously moved this Court for summary judgment against defendants Northern and OneBeacon as to the Owners' breach of contract claim and request for a declaratory judgment. Summary judgment was granted as to the Owner's breach of contract claim based on their insurers' duty to

defend. DE 76 at p. 44. The Owners' request for a declaratory judgment was granted to the extent that the insurers' were directed to provide a defense for the Owners until such time as their duty ceases. *Id.* The insurers were also directed to pay the Owners' defense costs for the underlying New York State Supreme Court case pending in Suffolk County, New York retroactive to September 16, 2008, until their duty to defend ceases. *Id.*

After the Order was filed, the Owners' attorney advised defendants' counsel of the actual expenses incurred by the Owners in defending the underlying action from September 16, 2008 through November 30, 2010, which amounted to $270,234.60 in legal fees and $12,359.00 in costs for a total sum due of $282,593.60. Aff. O'Leary ¶ 5; Exh. A. The sum of $55,719.63 was paid by defendant OneBeacon leaving a balance due of $226,873.97. Aff. O'Leary at ¶ 5.

Defendants' counsel inquired as to the hourly rates Owner plaintiffs' counsel would charge defendants in the future and directed that Owners' counsel forward invoices for future services directly to one Robert Wheeler ("Wheeler") of International Marine Underwriters. *Id.* at ¶ 6. Owners' counsel then wrote to Wheeler providing him with a copy of the Order and an itemized invoice of the Owners' expenses for the period December 6, 2010 through February 15, 2011 in the sum of $8,115.50. *Id.*; Exh.B.

Wheeler advised that he was not yet familiar with the matter and, thereafter, he was out of the office on vacation. Aff. O'Leary ¶ 7. On March 17,

2011, the Owners' counsel again communicated with Wheeler and advised him that the balance due should be remitted to "Neufeld & O'Leary, as Attorneys" and that the February 15 invoice in the sum of $8,115.50 remained unpaid. On April 1, 2011, Wheeler advised the Owners' attorneys that he could not pay this amount as he was unsure of what he was required to do, but that he would remit $100,000.00 as a "good faith payment." *Id.* Owner plaintiffs' counsel advised Wheeler that, pursuant to the Order, defendant insurers were required to make payment in full. *Id.* On April 7, 2011, a check in the sum of $100,00.00, containing the written notation "without prejudice" in two places, was received by Owner plaintiffs' counsel, resulting in a shortfall of $134,989.47. *Id.*

Defendants point out that the Order did not set forth an amount of damages to be paid and that the Owners' summary judgment motion did not address the amount of defense costs allegedly incurred in the underlying action. Aff. Wamsur ¶ 5. Furthermore, defendants take issue with the fact that the Owners' attorney merely submitted an affidavit stating the amount of legal fees due and costs incurred in the underlying action. *Id.* at ¶ 6. While the Owners maintain that they do not have to produce any legal invoices or other support of their damages claim, defendants contend that they are entitled to documentation detailing the legal services provided and establishing the actual amounts expended to support the Owners defense costs prior to the entry of judgment. *Id.* at ¶ 8.

## II. DISCUSSION

### A. Owner Plaintiffs' Request for Partial Judgment

#### 1. Legal Standard

Federal Rule of Civil Procedure ("FRCP") 54(b) provides that when an "action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In deciding whether to grant a FRCP 54(b) motion, a district court must first satisfy itself that it is dealing with a " 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Finality "depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

Upon determining finality, the district court must then determine "whether there is any just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8. "[I]n deciding whether there are no just reasons to delay the appeal of individual

final judgments in setting[s] such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Id.* Judicial administrative interests are properly served when disposition on the remaining claims does not moot a decision made by an appellate court or require it to decide an issue more than once. *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992).

The Second Circuit Court of Appeals has held that where a party is legally entitled to immediate execution of a final judgment, "he should be able to execute upon it now, and should not be penalized for combining his separate claims . . . in one complaint." *Id.* at 1098. "This is exactly the sort of 'hardship and denial of justice through delay' that rule 54(b) was designed to eliminate." *Id.* (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). "[W]here a plaintiff might be prejudiced by a delay in recovering a monetary award," a district court may properly find that there is no just reason for delay. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997).

In *Campbell v. Westmoreland Farm, Inc.*, the Second Circuit held that "there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal" in granting a 54(b) motion. 403 F.2d 939, 941 (2d Cir. 1968). The Second Circuit also adopted the Third Circuit Court of Appeals admonition that 54(b) orders " 'should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon

the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice.' " *Id.* at 942 (quoting *Panichella v. Pennsylvania R.R.*, 252 F.2d 452, 455 (3d Cir. 1958)).

### 2. Owner Plaintiffs' Breach of Contract Claim

In this case, there is no dispute that this Court's grant of summary judgment to Owner plaintiffs as to their breach of contract claim was final. DE 76 at p. 29. The Court held that defendants are obligated to defend their insureds until the duty to defend ceases. *Id.* No further action is necessary to decide this claim as to the Owner plaintiffs.[1] To the extent the corporate plaintiffs also complained of breach of contract, by the plain language of FRCP 54(b), a court may grant a final judgment even when there are multiple parties. *See Byrne v. Telesector Resources Group, Inc.*, No. 04-CV-076, 2007 WL 2403721, at *1 (W.D.N.Y. Aug. 20, 2007) (noting that final judgment may be entered where: "(1) Multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment.") (quoting *Information Res., Inc. v. The Dun and Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002)). Thus, as to the Owner plaintiffs, this claim was decided on the merits and is final.

---

1. As to the corporate plaintiffs captioned herein, the Court held, *inter alia*, that defendants were not obliged to provide a defense because said plaintiffs were not named in the underlying New York State Supreme Court lawsuit. DE 76 at p. 40.

The outstanding claim in plaintiffs' Second Amended Complaint with respect to the Owner plaintiffs is for defendants' breach of its fiduciary duties to plaintiffs coupled with a request for punitive damages and attorneys' fees and costs.[2] The Owner plaintiffs' outstanding claim for breach of fiduciary duty and punitive damages[3] is separate from their breach of contract claim, however, because the elements necessary to prove each claim differ significantly even though they rely on similar facts. DE 76 at pp. 43-44. *See United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery*, 763 F. Supp. 729, 731 (S.D.N.Y. 1990) ("Rule 54(b) certification is permissible if the claim in question is separate and distinct from the remaining claims and if there is no just reason for delay in the entry of final judgment on the claim."). An appeal based on final judgment of the breach of contract claim would not result in multiple appellate decisions, nor would it render a decision on that claim moot because a breach of fiduciary duty claim is dependant on establishing a tort independent of the breach of contract claim. DE 76 at p. 43.

Furthermore, insureds herein, i.e., the Owner plaintiffs, have expended significant sums in defending the underlying lawsuit. As set forth

---

2. Owner plaintiffs' request for a declaratory judgment as to defendants' obligation to defend the Owners until defendants' duty to defend ceases was also granted pursuant to the Order. DE 76 at p. 29.

3. Plaintiffs did not move for summary judgment on defendants' purported breach of their fiduciary duties. Accordingly, that claim was not addressed in the Order. Defendants moved for summary judgment as to plaintiffs' request for punitive damages. Plaintiffs' request for leave to amend that portion of their complaint was granted and defendants were granted permission to renew their motion for summary judgment on plaintiffs' punitive damage claim upon receipt of plaintiffs' amended complaint.

above, FRCP 54(b) is concerned with avoiding delay in the entry of a final judgment where a monetary award has been granted in a multiple claim case.

### 3. The Insurers' Duty to Pay Reasonable Fees in Defending its Insured

Defendants oppose Owner plaintiffs' FRCP 54(b) motion on the ground that they are obligated to pay only "reasonable attorneys's fees and costs in providing a defense to their insureds. Defendants contend that the Order does not set forth an amount of damages to be paid to the Owners and that plaintiffs' summary judgment motion did not address the amount of defense costs incurred in the underlying case. Mem. in Opp. at p. 1. Defendants argue, therefore, that plaintiffs must produce documentation detailing the legal services provided, including legal invoices and time records, in order to establish the reasonableness of the defense costs. *Id.* at p. 3. Furthermore, defendants contend that the lack of evidence of reasonable fees and costs amounts to a just reason for delaying entry of judgment on the Owners' breach of contract claim.

"Generally, where an insured is forced to defend an action due to the insurer's wrongful refusal to provide a defense, the insured is entitled to recover the reasonable counsel fees incurred." *Cunniff v. Westfield, Inc.*, 829 F. Supp. 55, 58 (E.D.N.Y. 1993) (citing *U. S. Fidelity and Guaranty Co. v. Copfer*, 400 N.E.2d 298, 298 (N.Y. 1979)). *See U.S. Underwriters Ins. Co. v. Weatherization, Inc.*, 21 F. Supp. 2d 318, 326 (S.D.N.Y. 1998) ("Where, as here, an insured is forced to defend an action because the insurer wrongfully refused to

provide a defense, the insured is entitled to recover its reasonable defense costs, including attorney's fees."); *Burroughs Wellcome Co. v. Commercial Union Ins. Co.*, 713 F. Supp. 694, 697 (S.D.N.Y. 1989) ("As a general rule, a breach of the covenant to defend makes the insurer liable to the insured for the reasonable counsel fees and necessary expenses incurred.").

In *U.S. Underwriters Ins. Co. v. Weatherization, Inc.*, the district court held that an affirmation by the insured's attorney setting forth the legal fees and costs owed by the insurer was "insufficient to permit an award to be made by this court which has a duty to determine the reasonableness of the amount." 21 F. Supp. 2d 318, 328 (S.D.N.Y. 1998). That court also held that a "fee applicant bears the burden of adequately documenting the request, including the hours expended and the hourly rate applied to those hours." *Id.*

As plaintiffs' counsel notes, however, this is not an attorney's fee application. Reply Mem. at pp. 3-4. Rather, the Order held that defendants breached their insurance contracts with the Owner plaintiffs. Defendants were, therefore, directed to provide a defense for the insureds, i.e., those identified as Owner plaintiffs. Defendants were also deemed responsible for the Owner plaintiffs' defense costs incurred from September 16, 2008 until their duty to defend ceases. DE 76 at p. 29. Accordingly, this case is distinguishable from an application for attorney's fees. *See Smart Style Industries, Inc. v. Pennsylvania General Insurance Co.*, 947 F. Supp. 102, 104 (S.D.N.Y. 1996) ("As plaintiffs point out, I do not have before me an application for a fee award. Rather, this is a

breach of contract case[.] The distinction is important because I am not considering whether plaintiffs are entitled to attorneys' fees as a matter of statutory entitlement."). Defendants' arguments, then, with respect to the law for fee applications is misplaced because plaintiffs merely have to prove breach of contract damages.

    **4.**  **Owner Plaintiff's Breach of Contract Damages**

"A basic principle of damages in a contract action is that the injured party should be left in as good a position as it would have been had the contract been fully performed, and that the injured party should not recover more from the breach than it would have gained had the contract been fully performed." *Bogdan and Faist P.C. v. CAI Wireless Systems, Inc.*, 295 A.D.2d 849, 853-54 (N.Y. App. Div. 2002). "It is well established that in actions for breach of contract, the nonbreaching party may recover general damages which are the natural and probable consequence of the breach." *Kenford Co., Inc. v. County of Erie*, 537 N.E.2d 176, 178 (N.Y. 1989). A plaintiff has the burden of proving damages with reasonable certainty. *ESPN, Inc. v. Office of Commissioner of Baseball*, 76 F. Supp. 2d 416, 418 (S.D.N.Y. 1999). Damages "may not be speculative, but must be directly traceable to the defendants' alleged wrongdoing." *Brown v. City of New York*, No. 95-CV-3693, 2001 WL 1111520, at *3 (S.D.N.Y. Sept. 21, 2001) (citing *Kenford Co., Inc.*, 537 N.E.2d at 178).

In the first instance, it is beyond dispute that Owner plaintiffs'

damages arose out of defendants' breach of the terms of the insurance policy.  In addition, the Court has studied the attorney time sheets submitted by plaintiffs and is satisfied that the time billed is appropriate considering the underlying action, the facts of which the Court became familiar with while considering plaintiffs' summary judgment motion.  Reply Aff., Exh. F.  Plaintiffs' law firms hourly rates are also reasonable, especially considering that rather than billing at its customary hourly rate for partners in the amount of $340-$350 and associates in the amount of $170-$230, the firm billed between $289-$315 for partners and between $148.50-$207 for associates.  Furthermore, defendants previously remitted the sum of $55,719.63 for services rendered through and including September 15, 2008, without reservation and without questioning the reasonableness of the fees.  Reply Aff. ¶ 3, Exh. D.  Similarly, the Court has studied the costs from the New York State Court action and have found those to be reasonable given the scope of the underlying matter.  Reply Aff., Exh. G.

Moreover, defendants, who have been in possession of this information since it was filed on April 28, 2011, have not objected to Owner plaintiffs' attorney's reply affidavit and exhibits which include the firm's billable hours and breakdown of costs, by requesting leave of the Court to file a sur-reply or supplemental affidavit.  Accordingly, the Court finds that  Owner plaintiffs' damages were foreseeable and that they have sufficiently proven their entitlement to same.

### 5. Statutory Interest Pursuant to CPLR § 5001

Pursuant to New York's Civil Practice Law and Rules ("CPLR") § 5001(a), "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract . . . ." Pursuant to CPLR 5004, the amount of "pre-judgment interest to be awarded pursuant to a breach of contract claim is nine percent per annum." *Turner Const. Co. v. American Mfrs. Mut. Ins. Co.*, 485 F. Supp. 2d 480, 490 (S.D.N.Y. 2007). "[U]nder New York law, the awarding of interest on breach of contract claims . . . is non-discretionary." *Id. See U.S. Naval Institute v. Charter Communications, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991) ("Under New York law . . . a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right."); *Langenberg v. Sofair*, No. 03-CV-8339, 2006 WL 3518197, at *7 (S.D.N.Y. Dec. 7, 2006) (awarding prejudgment interest pursuant to New York law in a breach of contract case).

In addition to the non-discretionary nature of an award of prejudgment interest under New York law, Owner plaintiffs' counsel swore that his firm "received payment of $270,234.60 for legal fees and $12,359 in expenses in connection with the defense of the claims interposed against the Owner plaintiffs in defense of the underlying Supreme Court action through November 30, 2010." Aff. O'Leary ¶ 5. Given the significant sum that plaintiffs were "out-of-pocket" based on defendants erroneous refusal to provide them with a defense, prejudgment interest in this case is also equitable. Plaintiffs are therefore entitled

to prejudgment interest at the rate of nine percent per annum.

Having previously determined that a final decision was made on Owner plaintiffs' breach of contract claim, the Court holds that plaintiffs are entitled to a final judgment on that claim given the monetary nature of their damages, including the interest to which they are also entitled. The request for judgment pursuant to 54(b) is hereby granted. The Owners are to submit a proposed judgment, on notice, in conformity with this Order. The proposed judgment should also set forth the payments made by defendants for which they should be credited. Statutory interest should be computed as set forth in CPLR § 5001(b).

**B.     Owner Plaintiffs' Request for Attorneys' Fees for Bringing Their Order to Show Cause**

With respect to Owner plaintiffs' request for attorneys' fees for bringing the instant order to show cause, the "American Rule provides that 'attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule.' " *Baker v. Health Management Systems, Inc.*, 772 N.E.2d 1099, 1104 (N.Y. 2002) (quoting *Hooper Assoc. v. AGS Computers*, 548 N.E.2d 903, 904 (N.Y. 1989)). Owner plaintiffs' request for attorneys' fees are, therefore, denied.

Court does note, however, that since its Order was filed, defendants have disregarded plaintiffs' request for payment, except for the $100,000 payment containing the "with prejudice" notation. Instead, they appear

to sit idly by, denying plaintiffs' requests for payments and forcing them to make applications to the Court. Thus, defendants continue to be in breach of the insurance contracts and, indeed, their conduct borders on contempt of the Order.

If defendants continue to refuse to remit, in a timely manner, to the Owners their reasonable defense costs as instructed, without a tangible good faith basis for not doing so, and plaintiffs are forced to make additional applications to the Court, attorney's fees in the form of sanctions may be awarded upon a proper application.

### III. CONCLUSION

For the foregoing reasons, Owner plaintiffs' motion for judgment pursuant to FRCP 54(b) and statutory interest is hereby **GRANTED** to the extent set forth above. Owner plaintiffs' request for attorney's fees for bringing their Order to Show Cause is hereby **DENIED**. Owner plaintiffs' counsel is to submit a judgment on notice as set forth above.

**SO ORDERED**.

Dated: May 9, 2011
Central Islip, New York

/s/
Thomas C. Platt, U.S.D.J.