UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JUDITH STEIN, as an Executor of the ESTATE OF
KENNETH F. STEIN, JR., GWENDOLYN ZEGEL and
JUDITH STEIN in their capacities as TRUSTEES of a
Testamentary Trust created under the Last Will and
Testament of KENNETH F. STEIN, JR., JUDITH STEIN,
individually and as a beneficiary of the Estate of
KENNETH F. STEIN, JR., DAVID S. J. NEUFELD, as an
Executor of the Estate of KENNETH F. STEIN, JR.,
SAYVILLE FERRY SERVICE, INC., STEIN'S
MARINE LIFT, INC. and KFS CORP.,

       Plaintiffs,

  - against -

THE NORTHERN ASSURANCE COMPANY OF
AMERICA, and ONEBEACON AMERICA INSURANCE
COMPANY d/b/a INTERNATIONAL MARINE
UNDERWRITERS and JOHN DOE and
JANE DOE Nos. 1-4,

       Defendants.
------------------------------------------------------------------------x

09 CV 1029
(J. Platt)
(M.J. Tomlinson)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      Respectfully submitted,

      NICOLETTI HORNIG & SWEENEY
      Attorneys for Defendants
      The Northern Assurance Company of America,
      OneBeacon America Insurance Company and
      OneBeacon Insurance Group, Ltd.
      Wall Street Plaza, 88 Pine Street, 7th Floor
      New York, New York 10005-1801
      (212) 220-3830
      (Our File:    10000483 JAVN/VW)

Of Counsel
    John A.V. Nicoletti
    Robert A. Novak
    Val Wamser

**PRELIMINARY STATEMENT**

Defendants The Northern Assurance Company of America ("Northern Assurance"), OneBeacon America Insurance Company ("OneBeacon America") and OneBeacon Insurance Group, Ltd. ("OBIG") respectfully submit this Reply Memorandum of Law in further support of Defendants' motion for summary judgment.

**LEGAL DISCUSSION**

**POINT I**

**PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES SHOULD BE DISMISSED**

Plaintiffs simply cannot avoid the fact that they have failed to allege the necessary elements of a punitive damages claim under New York law. Judge Platt correctly set forth the standard for asserting a claim for punitive damages under New York law in his Memorandum and Order dated January 25, 2011. (Docket No. 76). Judge Platt required the plaintiffs to allege that the defendants' conduct was egregious and part of a pattern directed at the public generally. It is undisputed that the plaintiffs failed to do so, and therefore, the plaintiffs have failed to allege the necessary elements for a punitive damages claim under New York law, and therefore, plaintiffs' punitive damages claim should be dismissed.

Plaintiffs argue that the *NYU* elements are not applicable where the punitive damages claim is based on a breach of fiduciary duty claim. However, no cases supporting this erroneous proposition involve an insurance contract coverage dispute or, more importantly, a claim that arose out of a breach of contract, such as the present case. In addition to eliminating punitive damages from simple breach of contract claims, New York law limits the availability of punitive damages for a tort claim which "arises from" or "has its genesis in" a contractual relationship. *See Topps Co., Inc. v. Cadbury Stani S.A.I.C.,* 380 F.Supp.2d 250 (S.D.N.Y. 2005) (citing

*Rocanova*, 83 N.Y.2d at 613, 612 N.Y.S.2d 339 and *New York University*, 87 N.Y.2d 308, 316, 639 N.Y.S.2d 283).

Since plaintiffs' breach of fiduciary duty claim arises solely out of the contractual relationship between the parties, the *NYU* and *Rocanova* standard for alleging punitive damages applies. *See Topps,* 380 F.Supp.2d 250 (S.D.N.Y. 2005) (*Rocanova* standard applied to fraudulent inducement tort claim which arose from an existing contractual relationship). In the present case, plaintiffs' breach of fiduciary duty claim arises solely out of, and is essentially duplicative of plaintiff's breach of contract claim. In fact, any alleged fiduciary duty could only arise out of the contractual relationship between the parties. Therefore, plaintiffs are required to allege the necessary *NYU* elements of a claim for punitive damages, as correctly held by Judge Platt.

Plaintiffs argue that they are not required to allege that the defendants' conduct was part of a pattern aimed generally at the public, relying upon upon *Giblin v. Murphy*, which states:

> Nor can we accept defendants' argument that the punitive damages award must be overturned because there was no harm aimed at the public generally. Punitive damages are allowable in tort cases such as this so long as the very high threshold of moral culpability is satisfied.

*Giblin v. Murphy*, 73 N.Y.2d 769, 772 (1988). However, courts have rejected this portion of *Giblin* in light of the holding in the *Rocanova* case. *See, e.g., Cerveceria Modelo, S.A. De C.V. v. USPA Accessories LLC,* 2008 WL 1710910, at *7 n.3 (S.D.N.Y. 2008) ("as courts in this Circuit have observed, … *Giblin* ... misstated the law because [it] … relied on pre-*Rocanova* case law"); *Conocophillips v. 261 East Merrick Road Corp.*, 428 F.Supp.2d 111, 129 (E.D.N.Y. 2006) ("Although the cases on which plaintiffs rely were decided after *Rocanova*, these cases either rely on pre-*Rocanova* case law or a misreading of Rocanova … *Brown* and *Blank* both rely on [*Giblin*], a case which preceded *Rocanova*"); *Day Spring Enterprises, Inc. v. LMC International,*

2

*Inc.*, 2004 WL 2191568, at *31 (W.D.N.Y. 2004) ("[Plaintiff's] reliance on … *Giblin* ... [a case] predating *Rocanova* ... is misplaced").

In *Rocanova*, the New York Court of Appeals established that a plaintiff seeking punitive damages for conduct accompanying or associated with a breach of contract must demonstrate that the conduct is actionable as an independent tort, is sufficiently egregious, is directed at the plaintiff, and part of a pattern of conduct directed at the public in general. *Id.*, at 342-343. Based upon the *Rocanova* standard, "it is settled in New York that punitive damages are available in tort actions arising out of a contractual relationship only where the conduct complained of . . ." was directed generally to the public. *Day Spring Enter., Inc. v. LMC Int'l Inc.*, 2004 WL 2191568, at *31. "The Second Circuit has recognized that the public harm requirement applies 'whenever an action has its genesis in the contractual relationship between the parties.'" *Id.* at *31 (*quoting Schonfeld v. Hilliard*, 218 F.3d 164, 184 (2nd Cir. 2000) (finding plaintiff's fraudulent misrepresentation claim to have genesis in contractual relationship between parties)); *see Cerveceria Modelo,* 2008 WL 1710910, at *7 (rejecting application of punitive damages where a close nexus existed between the underlying contract and the claim of tortious interference, as defendant failed to demonstrate the "tortious interference with contract was part of a practice directed at the public generally"); *Conocophillip.*, 428 F.Supp.2d at 129 (rejecting application of punitive damages to charges of tortious interference and conversion arising from a breach of contract as torts were "private wrongs and not aimed at the public generally").

Plaintiffs cite the *NYU* case for the proposition that the public harm requirement is only applicable for breaches of contract. However, plaintiffs' own authority establishes that the public harm requirement similarly applies to a claim <u>arising</u> <u>out</u> <u>of</u> a breach of contract:

3

> [A] defendant may be liable in tort when it has breached a duty of reasonable care *distinct from its contractual obligations*, or when it has engaged in tortious conduct *separate and apart from its failure to fulfill its contractual obligations*.

87 N.Y.2d 308, at 316, 639 N.Y.S.2d 283. Plaintiffs try to conceptually divorce their alleged breach of fiduciary duty claim from the alleged breach of the insurance contract. However, an insurer's duty to defend only exists *because of* the terms of their contract. Any alleged breach of fiduciary duty necessarily arises out of the defendant's *contractual* duty to defend, and therefore, plaintiffs must demonstrate public harm in order to seek punitive damages.

Based upon the foregoing, it is clear that plaintiffs' claims for punitive damages must be dismissed in their entirety as a matter of law. *See, e.g., Neff v. Automobile Ins. Co. of Hartford*, 2009 WL 435297 (S.D.N.Y. 2009) (insured's allegations that insurer's failure to provide defense and indemnification to insured in bad faith and without reasonable basis could not, as a matter of law, support a claim for punitive damages.); *Fabrizio v. Erie Ins. Co.*, 2009 WL 427102 (N.D.N.Y. 2009). Therefore, defendants' motion for summary judgment should be granted.

## POINT II

### PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM IS DUPLICATIVE OF THE BREACH OF CONTRACT CLAIM AND SHOULD BE DISMISSED

The plaintiffs' breach of fiduciary duty claim fails to allege any conduct by the defendants in breach of a duty other than, or independent of, the duty contractually established between the parties. *See Kaminsky v. FSP Inc.*, 5 A.D.3d 251, 252 (1st Dept. 2004); *see also William Kaufman Organization, Ltd. v. Graham & James*, 269 A.D.2d 171, 173, 703 N.Y.S.2d 439, 442 (1st Dept. 2000). The only relationship between the defendant insurance companies and the non-corporate plaintiffs arises out of the relevant insurance contracts. This Court has already determined that the defendants owed the non-corporate plaintiffs a duty to defend in the underlying Bernardis action pursuant to the relevant insurance policies. There is no independent

duty owed from the insurance company separate and apart from the contractual obligation to defend the insured as set forth in the relevant insurance policies.

Moreover, the allegations underlying plaintiffs' fiduciary duty claim were expressly raised in plaintiffs' breach of contract claim and are encompassed within the contractual relationship between the parties, *i.e.*, the implied covenant of good faith and fair dealing. *See Brooks v. Key Trust Co. Nat. Ass'n*, 26 A.D.3d 628, 809 N.Y.S.2d 270 (3d Dept. 2006). Plaintiffs have not set forth any allegations that, apart from the terms of the insurance contracts, the parties created a relationship of higher trust than would arise from the contracts alone. *See EBC I v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 19, 799 N.Y.S.2d 170 (2005). Consequently, plaintiffs' breach of fiduciary duty claims are merely duplicative of the previously adjudicated breach of contract claims and should be dismissed.

Plaintiffs overstate the holding in *St. John's Univ., New York v. Bolton*, 757 F.Supp.2d 144 (E.D.N.Y. 2010). According to plaintiffs, this case stands for the proposition that where a contract establishes a relationship of confidence and trust between the parties, it creates a fiduciary duty independent of the contract. However, the court in *St. John's* did not stop its inquiry upon examination of the parties' contract. Instead, *St. John's* instructs a court to "look to whether a party reposed confidence in another and reasonably relied on the other's superior expertise and knowledge." *Id.* at 167 (*quoting Weiner v. Lazard Freres & Co.*, 241 A.D.2d 114, 122, 672 N.Y.2d 8 (1st Dept. 1998)). Applying this inquiry, the court in *St. John's* found the existence of a fiduciary duty based upon the position of trust the plaintiff had placed the defendants in by allowing them essentially independent control over potentially patentable (and,

5

it turns out, extremely lucrative) research. Applying this inquiry to the case at hand, it is clear that the plaintiffs cannot establish the necessary reliance envisioned in *St. John's*.[1]

Plaintiffs' breach of fiduciary duty claim is essentially based on the allegation that the Nicoletti firm had undertaken the defense of certain plaintiffs in the underlying action before acting as coverage counsel. However, the evidence clearly establishes that the Nicoletti firm had never undertaken the defense of any plaintiffs in the underlying action. Although the Nicoletti firm was initially advised to undertake the defense of the insured, the Nicoletti firm never undertook the defense of any of the plaintiffs herein or acted as plaintiffs' defense counsel at any time. (Wamser Aff. ¶¶ 5-6). The Nicoletti firm never made an appearance or filed an answer on behalf of any of the plaintiffs herein in the underlying action. (Id.). The Nicoletti firm acted at all times as coverage counsel, providing legal advice to Northern Assurance and OneBeacon America. (Id.). Although plaintiffs' counsel was initially informed that the Nicoletti firm would represent certain plaintiffs in the underlying action, plaintiffs were immediately advised that there were insurance coverage issues and were soon correctly advised that the Nicoletti firm was, in fact, acting as coverage counsel on behalf of defendants. (Id.). At no time did the Nicoletti firm ever appear or answer on behalf of any of the plaintiffs or otherwise act as defense counsel in the underlying Bernardis action.

Plaintiffs also cannot establish they incurred any damages as a result of the alleged breach of fiduciary duty other than the costs of defense, which were previously awarded by this Court. Plaintiffs simply cannot prove any <u>additional</u> damages arising from any alleged breach of fiduciary duty beyond the previously awarded damages for breach of contract. Since plaintiffs' breach of fiduciary duty claim arises from the identical facts as the breach of contract claim,

---

[1] More importantly, nothing in the *St. John's* decision militates against the requirement set forth in NYU for a claim of punitive damages under a contract action, including the requirement that the egregious conduct must be part of a pattern directed at the public generally.

6

plaintiffs cannot allege or establish any distinct damages arising from the alleged breach of fiduciary duty.

Plaintiffs incredulously claim that they should be entitled to a disgorgement of profits. Plaintiffs rely upon two cases, *Feiger v. Iral Jewelry, Ltd.* and *Samba Enter., LLC v. iMesh, Inc.*, for the proposition that damages for breach of a fiduciary duty include disgorgement of profits. However, both *Feiger* and *Samba* involve breaches of fiduciary duties owed by *agents* to their *principals,* specifically the duty owed by an employee to its employer and between two companies operating under the terms of an express agency agreement. These relationships are quite different from that of an insurer and its insured, under which normally no fiduciary duty lies. Plaintiffs have cited no case law suggesting an application of disgorgement of profits could be stretched to include insurance coverage disputes.

In *Samba,* the court's complete statement is, "[t]he function of a claim for breach of fiduciary duty, unlike an ordinary tort or contract case, is not merely to *compensate* the plaintiff for wrongs committed by the defendant, but, as this court declared many years ago, to *prevent* them, by removing from agents and trustees all inducement to attempt dealing for their own benefit in matters which they have undertaken for others, or to which their agency or trust relates." *Samba Enter., LLC v. iMesh, Inc.*, No. 06 Civ. 7660(DC) 2009 WL 705537, at *9 (S.D.N.Y. 2009) (*quoting Diamond v. Oreamuno*, 24 N.Y.2d 494, 498, 248 N.E.2d 910, 812, 301 N.Y.S.2d 78, 81 (1969).. As such, plaintiffs' reliance upon *Samba* is misplaced as it deals with a fiduciary duty existing between an agent and its principal, not an insured and insurer. Based upon the foregoing, plaintiffs' breach of fiduciary duty claim should be dismissed in its entirety.

7

## POINT III

## PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES SHOULD BE DISMISSED

Plaintiffs' claim for attorney's fees should also be dismissed. Since the plaintiffs themselves commenced this action against the defendants, the plaintiffs have never been cast in a defensive posture, and therefore, are not entitled to attorney's fees in this coverage dispute.

Plaintiffs cite *Mighty Midgets, Inc. v. Centennial Ins. Co.* as establishing an exception to the "American Rule" that a litigant may not normally recover its legal fees as a form of damages. However, under *Mighty Midgets,* an insured may recover its fees only where the insurer casts the insured in a defensive posture and compels the insured to <u>defend</u> against the insurer's attempts to seek a judicial declaration of disclaimer. See U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 3 N.Y.3d 592, 597, 789 N.Y.S.2d 470 (2004). It is undisputed that plaintiffs commenced this action against the defendants. Accordingly, the American Rule applies, which provides that the parties to the litigation pay their own attorney's fees regardless of the lawsuit's outcome. *See Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383 (2d Cir. 1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986).

The cases cited by the plaintiffs are easily distinguishable. In *Estee Lauder Inc. v. OneBeacon Ins. Group, LLC*, the court acknowledged certain circumstances where insureds have been able to affirmatively recover attorneys' fees from their insurers. However, the court found that the plaintiff was not placed in the role of a defendant, as the defendant never took action tantamount to a lawsuit. The plaintiff-insured brought a declaratory judgment action against the defendant to determine defendant's coverage obligations. The defendant then raised a claim, as an affirmative defense, that it had no duty to defend based upon the plaintiff's failure to provide

8

timely notice. The court determined that the plaintiff was never placed in a defensive position, and therefore, could not recover attorney's fees.

In *City of New York v. Zurich-American Ins. Group*, the court allowed the insured's claim for attorneys' fees because, after the insured successfully affirmatively sought a declaration of coverage via summary judgment, the insurer reopened the issue by seeking leave to amend its answer and moved for summary judgment disclaiming coverage, affirmatively requiring the insured to re-litigate the coverage issue. The court found that, even though the plaintiff had brought the initial declaratory judgment action, it could recover fees because "[defendant] has thus compelled its insured to defend against its attempt to obtain a declaration of its right to disclaim coverage, and [defendant's] motion is, therefore, tantamount to an action brought by the insurer seeking to free itself from its policy obligations." *City of New York v. Zurich-American Ins. Group*, 798 N.Y.2d 708 (N.Y. Sup. Ct. Kings Cty. 2004).

Finally, in *Am. Motorists Ins. Co. v. GTE Corp.*, the plaintiff could recover its attorneys' fees where it was also a defendant in a branch of the consolidated action brought by the insurer. According to the court, these two cases "were mirror images of each other, and, indeed [insured's] case was in direct response to [insurer's] attempt to avoid payment under the Policy." *Am. Motorists Ins. Co. v. GTE Corp.*, 2000 WL 1459813, at *6 (S.D.N.Y. 2000).

In the aforementioned cases where attorney's fees were permitted, the plaintiff had been placed in a defensive position. That is simply not the case here. Plaintiffs argue that they were somehow placed in a defensive position by the defendants' alleged abandonment of defense in the underlying action. However, an alleged abandonment of defense does not automatically place the plaintiffs in a defensive posture, particularly since the defendants did not seek a judicial determination of declination. The plaintiffs in the instant action brought an *affirmative* action

9

seeking a declaratory judgment of Defendants' duty to defend, which is a perfect example of the type of affirmative action the *Mighty Midgets* court declined to award attorneys' fees. Accordingly, plaintiffs' claim for attorney's fees should be dismissed.

### POINT IV

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS NOT PREMATURE

Defendants' motion for summary judgment is not premature and this Court should dismiss plaintiff's punitive damages claim as a matter of law. Plaintiffs' attempt to obtain further discovery to support their frivolous punitive damages claim is nothing more than a "fishing expedition" and should not be permitted.

Plaintiffs have no good faith basis to assert a claim for punitive damages. Pursuant to Judge Platt's Order, plaintiffs were required to assert non-frivolous allegations supporting their claim for punitive damages guided by the elements in the *NYU* case, which would necessarily include an allegation that the defendants' conduct was part of a pattern directed at the public generally. (Docket No. 76). Plaintiffs' Second Amended Complaint does not allege that any alleged conduct on the part of the defendants was egregious in nature and/or part of a pattern directed at the public. (Docket No. 82). Consequently, plaintiffs have failed to comply with Judge Platt's Order and have failed to allege the necessary elements for a punitive damages claim. As such, plaintiffs should not be permitted to now argue that they are not required to allege and prove this necessary element for a punitive damages claim. Moreover, the plaintiffs have no good faith basis to make such an allegation and should not be permitted to engage in a "fishing expedition" to obtain discovery to support such a frivolous allegation. Therefore, plaintiffs' punitive damages claim should be dismissed.

**CONCLUSION**

By virtue of the foregoing, Defendants The Northern Assurance Company of America, OneBeacon America Insurance Company and OneBeacon Insurance Group, Ltd. respectfully request that this Court issue an Order granting defendants' motion for summary judgment, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 29, 2011

                                  NICOLETTI HORNIG & SWEENEY
                                  *Attorneys for Defendants*

                                By: /s/ Val Wamser
                                Val Wamser (VW-0511)
                                Wall Street Plaza
                                88 Pine Street, 7th Floor
                                New York, New York 10005-1801
                                Ph: (212) 220-3830
                                Fax: (212) 220-3780
                                Email: vwamser@nicolettihornig.com
                                Our File:    10000483  JAVN/RAN/VW

TO:

NEUFELD & O'LEARY
Attorneys for Plaintiffs
Judith Stein, David S. J. Neufeld
and Gwendolyn Zegal in such capacities
as they are identified in the caption
370 Lexington Avenue, Suite 908
New York, New York 10017
(212) 986-0999
Attention:    Denis P. O'Leary, Esq.
                   Michael J. Giusto, Esq.

S:\vw\1-483.Reply Memorandum of Law.Motion for Summary Judgment.doc