UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUDITH STEIN individually and as an Executor
of the Estate of Kenneth F. Stein, Jr. and as a
beneficiary of the Estate of Kenneth F. Stein, Jr.,
GWENDOLYN ZEGEL and JUDITH STEIN
in their capacities as trustees of a Testamentary
Trust crated under the Last Will and Testament
of Kenneth F. Stein, DAVID S. J. NEUFELD, as
an Executor of the Estate of Kenneth F. Stein, Jr.,
SAYVILLE FERRY SERVICE, INC., STEIN'S
MARINE LIFT, INC., and KFS CORP.,

                        Plaintiffs,

            - against -

NORTHERN ASSURANCE COMPANY OF
AMERICA, ONEBEACON AMERICA
INSURANCE COMPANY, ONEBEACON
INSURANCE GROUP, LTD., JOHN DOE, and
JANE DOE NOS. 1-4,

                       Defendants.
-----------------------------------------------------------X

**ORDER**

CV 09-1029 (TCP) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Before the Court is Plaintiffs' letter motion regarding their "right to obtain additional discovery and why Plaintiffs are not required to plead 'public harm' in connection with their claim for punitive damages." DE 91. Defendants oppose the motion. DE 92. For the reasons that follow, Plaintiffs' motion is DENIED without prejudice.

      On January 25, 2011 District Judge Thomas C. Platt entered an Order granting in part and denying in part the Plaintiffs' motion for summary judgment and the partial cross-motion for summary judgment filed by Defendants Northern Assurance Company of America ("Northern

Assurance") and OneBeacon America Insurance Company ("OneBeacon").[1] *See* DE 76 ("Summ. J. Op."). Judge Platt granted the non-corporate Plaintiffs' motion for summary judgment on their breach of contract claims and granted the Defendants' motion for summary judgment on the corporate Plaintiffs' breach of contract claims. DE 76. A final judgment in favor of the non-corporate Plaintiffs was entered in the amount of $162,946.61. DE 104.

In their cross-motion for summary judgment, Defendants also sought dismissal of all of Plaintiffs' claims for punitive damages as a matter of law. *See* DE 58 at 22-25. Judge Platt ruled that Plaintiffs had not alleged that Defendants committed an independent tort separate from their breach of contract claim. Such allegation is required in order for punitive damages to go forward in the context of a breach of contract action. Judge Platt granted Plaintiffs leave to amend in accordance with the following guidelines:

> (1) plaintiffs may amend their complaint to add a claim for the independent tort of breach of fiduciary duty to the extent such a claim is not frivolous; (2) plaintiffs' complaint shall set forth plausible allegations demonstrating their entitlement to punitive damages guided by the elements set forth, *supra*, in *New York University v. Continental Ins. Company*.

Summ. J. Op. at 42. Judge Platt explained that in order

> [t]o sustain a claim for punitive damages on account of a breach of contract claim, a party must establish that: "(1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set forth in [*Walker*]; (3) the egregious conduct must be directed to the plaintiff; and (4) it must be part of a pattern directed at the public generally."

---

[1] Defendant OneBeacon Insurance Group, Ltd. was added as a Defendant after the cross-motion for summary judgment was filed. *See* DE 69.

*Id.* (quoting *New York University v. Continental Ins. Co.*, 662 N.E.2d 763, 767 (N.Y. 1995)) (alteration in original).

Plaintiffs were given thirty (30) days to file an amended complaint, after which Defendants were granted leave to renew their motion for summary judgment within thirty (30) days of receiving the amended complaint. *Id.* at 43-44. Judge Platt also ruled that "[t]o the extent plaintiffs require discovery limited to demonstrating that they are entitled to punitive damages, they are to communicate with Magistrate Judge A. Kathleen Tomlinson's chambers." *Id.* at 43.

Thereafter, counsel for Plaintiffs contacted the Court and requested certain discovery related to their punitive damages claim. Plaintiffs sought: 1) certain communications which had previously been submitted to the Court for *in camera* review; 2) documents regarding the general guidelines and procedures utilized by Defendants in reviewing and declining claims and in the selection and appointment of counsel; and 3) depositions of non-party Catherine Bolognone and Defendant Northern Assurance's representative, Vincent Corteselli regarding procedures applicable to the underlying claim in this suit and in similar suits. DE 77. Defendants opposed this request on the grounds that Plaintiffs had not yet filed an amended complaint as directed by Judge Platt and, therefore, the discovery was merely a "fishing expedition." DE 78. Because the Court interpreted Judge Platt's direction to communicate with Chambers regarding discovery to mean discovery on a properly asserted punitive damages claim, as opposed to discovery in aid of framing a punitive damages claim, I deferred ruling on the request until after the amended complaint was filed. *See* Electronic Order Dated February 24, 2011.

3

Plaintiffs were granted an extension of time to file their amended complaint and it was ultimately filed on March 25, 2011. *See* DE 81; DE 82. Thereafter, the Court scheduled a conference during which Defendants raised the issue of whether the recently filed complaint (the Second Amended Complaint) sufficiently alleged a claim for punitive damages. I ruled that "[b]efore determining the scope of any discovery concerning punitive damages, this issue must be resolved." DE 84. Plaintiffs took the position that they were not required to plead the fourth prong of the test enunciated in *New York University* pertaining to a pattern of harm directed at the public. *Id*. I directed the parties to submit further letter briefing on this issue.

Upon reviewing the letter briefs submitted by the parties, the Court concludes that it would be inappropriate for this Court to rule on whether Plaintiffs must plead public harm. Plaintiffs essentially assert that they have not set forth in the Second Amended Complaint the fourth element addressed to "public harm" in conformity with Judge Platt's directions. Instead, while submitted as a request for a discovery ruling, the Plaintiffs ask this Court to revisit Judge Platt's decision and rule that it is unnecessary to plead public harm. The Court notes that this issue was fully briefed by the parties in connection with Defendants' renewed motion for summary judgment. DE 107, 115, 117. Judge Platt heard oral argument on that motion and has reserved decision. Therefore, it would be inappropriate for this Court to rule on whether Plaintiffs have properly pled a claim for punitive damages in light of the dispositive nature of the relief sought and the fact that this issue is the subject of a pending motion before Judge Platt. Given the representations made by the Plaintiffs in their papers requesting a ruling, this Court will not permit the discovery Plaintiffs seek to proceed at this time. Should Judge Platt rule that Plaintiffs have stated a valid claim for punitive damages, this issue can be revisited. The parties

4

are directed to contact the Court within five (5) days of a decision on Defendants' renewed motion for summary judgment if the decision permits the punitive damages claim to go forward.

The Court disagrees with Plaintiffs' statement that Judge Platt's Order on summary judgment "seemed to contemplate that Plaintiffs would be permitted additional discovery for use in framing their amended complaint." *See* DE 91.[2]  Plaintiffs were aware that this Court did not interpret Judge Platt's Order as allowing for pre-complaint discovery since: (1) I deferred ruling on Plaintiffs' discovery requests until after the Second Amended Complaint was filed; and (2) I advised the parties at the April 7, 2011 status conference that the sufficiency of the pleading had to be resolved before any discovery rulings would be issued. *See* DE 84.  Plaintiffs did not seek clarification from Judge Platt on this issue prior to filing their Second Amended Complaint, nor did they appeal my rulings.  Therefore, the Court sees no reason to revisit its interpretation of Judge Platt's Order.[3]

For the sake of clarification, the Court notes that this Order denying discovery also encompasses the documents previously submitted to the Court for *in camera* review.  The Court previously issued an Order addressing some of these documents and advised the parties that a further Order would be forthcoming once Defendants submitted additional documents for the Court's review.  *See* DE 85, Electronic Order Dated April 4, 2011.  Although these documents were requested prior to Judge Platt's ruling on the parties' motions for summary judgment, given

---

[2]  Similar statements were made in Plaintiffs' opposition to Defendants' renewed motion for summary judgment.  *See* DE 115 at 15-18.

[3]  Discovery is only permitted on a "matter relevant to any party's claim or defense," *see* Fed. R. Civ. P. 26(b), thus Plaintiffs' interpretation of the Order as permitting discovery on a claim not yet asserted would be unusual.

5

that the breach of contract claims are no longer at issue in this case, the only use Plaintiffs have for these documents is in connection with their claim for punitive damages.  Therefore, as with the other punitive damages discovery, the Court will refrain from ruling on these documents until the viability of the claim is determined.

           **SO ORDERED.**

Dated: Central Islip, New York
       March 30, 2012

           /s/ A. Kathleen Tomlinson
           A. KATHLEEN TOMLINSON
           U.S. Magistrate Judge